UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>                  Debtor,<br><br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>LAZY M, LLC,<br><br>                  Defendant. | NO: 12-CV-668-RMP<br><br>Bankr. Case No. 09-06194-PCW11<br><br>Adv. Proc. No. 11-80125-PCW11<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE |

      Before the Court is Defendant David Perry's Motion to Dismiss, ECF No. 46, and Plaintiff's Motion to Strike, ECF No. 58.  Regarding the Motion to Dismiss, the Court has reviewed the motion, Plaintiff's response, Defendant's reply, and the additional documents that Defendant submitted.  ECF Nos. 46, 52,

53, 54, 57, 68, 70, 79.  The Court also has reviewed Plaintiff's Motion to Strike, Defendant's response, the reply, and Defendant's supplemental filing.  ECF Nos. 58, 71, 77, 79.  The Court is fully informed.

In addition to the document that the Court construes to be Defendant's reply in support of his motion to dismiss, ECF No. 57, Defendant submitted arguments and facts in additional filings, ECF Nos. 54, 70, 79.  Plaintiff moves to strike one of these filings, ECF No. 54, based on various evidentiary grounds.  ECF No. 58.

The Court finds that Plaintiff's Motion to Strike is moot and therefore denies it.  Even having considered ECF No. 54, the Court finds that for the following reasons that Defendant is not entitled to the relief that he seeks.

First, Defendant's motion to dismiss is untimely.  The Bankruptcy Court's Amended Scheduling Order Re Non-Common Issues set July 25, 2013, as the deadline for dispositive motions.  Bank. Adv. Proc. No. 11-80293-FPC, ECF No. 36 at 3.  "Dispositive motions" include motions requesting dismissal or summary judgment.  LR. 7.1(a)(3).  Defendant filed his motion to dismiss on June 2, 2014, months after the deadline for dispositive motions had passed.

Second, even if the motion were timely, Defendant has not raised grounds sufficient to justify dismissal of the case.  As an initial matter, although titled a motion to dismiss, the motion includes matters outside the pleadings, which normally are considered in a motion for summary judgment.  *See* Fed. R. Civ. P.

12(d).  In light of the Court's duty to construe liberally pleadings and motions of pro se parties, the Court considers Defendant's motion under the law regarding both dismissal and summary judgment.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss brought pursuant to this Rule "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).[1]

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S.

---

[1] In a document filed in support of the motion, Defendant states that he also is entitled to relief under Rule 12(c), which governs judgment on the pleadings.  ECF No. 70 at 3.  A Rule 12(c) motion is "functionally identical" to a motion under Rule 12(b).  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Judgment on the pleadings is appropriate if the moving party clearly establishes that (1) no material issue of fact remains to be resolved; and (2) it is entitled to judgment as a matter of law.  *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984).

317, 323 (1986).  In deciding a motion for summary judgment, a court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party.  *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

Defendant argues that this case should be dismissed because of the prejudice that he has suffered by being a co-defendant in a lawsuit with his adult daughter, whom he claims never was served and is unaware of the contents of the complaint. ECF No. 46 at 2.  However, Defendant has offered no legal authority in support of his argument that dismissal is the correct remedy for this alleged prejudice.  This is not an adequate basis for judgment in his favor.[2]

Next, Defendant contends that he was not properly served.  ECF No. 46 at 3. In response, Plaintiff filed a certified translation of a document from a process server in Sri Lanka, who affirms that he delivered the complaint to both Defendant and Defendant's daughter.  ECF No. 53-8 at 6-7.

Defendant contends that the documents submitted by Plaintiff do not demonstrate that he or his daughter was served properly.  ECF No. 57 at 2-6.

---

[2] As an alternative to dismissal, Defendant argues that he is prejudiced by his daughter's presence in this case as a defendant and that she therefore should be discharged. ECF No. 46 at 4.  Defendant has not adequately explained how he is prejudiced or why that prejudice would warrant his daughter's removal from this case.  It appears that Defendant's argument is an attempt to advocate on his daughter's behalf.  The Court will not reconsider its prior explanation that Defendant, who is not an attorney, may not represent his daughter.  *See* 12-cv-00664-RMP, ECF Nos. 30, 52 at 1.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE ~ 4

However, Defendant failed to challenge service of process in his Answer or in a Rule 12 motion filed prior to his Answer, as required by the Rules of Civil Procedure. *See* Bankr. Adv. Proc. No. 11-80293-FPC, ECF Nos. 5, 13.[3] Nor did Defendant timely amend his Answer in order to challenge service of process. *See* Fed. R. Civ. P. 15. Therefore, Defendant has waived any challenge to service of process, and defective service of process is not an adequate basis for dismissal or summary judgment. *See* Fed. R. Civ. P. 12(h)(1).

Defendant also asserts that any possible judgment against him could not be enforced because he lives in Sri Lanka and has no significant assets. ECF No. 46 at 3. However, Defendant does not provide any legal support for this argument, instead arguing that Plaintiff's counsel has acted inappropriately in seeking payment from him and in insinuating that Defendant has more assets than he has disclosed. *See* ECF No. 46 at 6-17. The Court is aware of no authority that would justify dismissal of this case or judgment in Defendant's favor on this basis.

Finally, Defendant claims that Plaintiff's figures are totally inaccurate and misrepresent the facts. ECF No. 46 at 3, 17-28. Neither a motion to dismiss nor a

---

[3] In a letter to the Bankruptcy Court dated September 26, 2011, answering the complaint, Defendant wrote that no one in the United States was authorized to accept service of process on his behalf. Bankr. Adv. Proc. No. 11-80293-FPC, ECF No. 5 at 1. However, Defendant's letter apparently was in response to service of process in Sri Lanka, to which Defendant did not object. *See* ECF No. 53-8 at 7 (affidavit asserting that service was completed in Colombo on September 22, 2011) *and* Bankr. Adv. Proc. No. 11-80293-FPC, ECF No. 5 at 1 (September 26, 2011, letter stating that "[t]he current documents were just now served.").

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE ~ 5

motion for summary judgment is the appropriate means to challenge these disputed issues of fact. Factual contentions will be resolved at trial.[4]

Accordingly, **IT IS HEREBY ORDERED**:

   1. Defendant's Motion to Dismiss, **ECF No. 46**, is **DENIED**.

   2. Plaintiff's Motion to Strike, **ECF No. 58**, is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel and to pro se defendants.

**DATED** this 11th day of August 2014.

  *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

---

[4] Defendant notes that in a recent ruling regarding the Madoff Securities Ponzi scheme, Judge Jed S. Rakoff emphasized that a standard of *actual* good faith applied rather than one of objective good faith. ECF No. 46 at 19-20. However, Judge Rakoff explained that the measure of good faith in that case stemmed from relevant securities laws. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2014 WL 1651952, at *3 (S.D.N.Y. Apr. 27, 2014). Because the standard of good faith in this case has not been applied in the context of securities laws, Judge Rakoff's ruling is inapposite.